Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| | | |
|---|---|---|
| VS PR, LLC<br><br>Apelada<br><br><br>v.<br><br>ORC MIRAMAR CORPORATION; Y OTROS<br><br>Apelantes<br><br><br>. | KLCE202500338 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV01553<br><br>Sobre: COBRO DE DINERO, ORDINARIO Y OTROS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Los peticionarios, ORC Miramar Corporation y otros, en adelante ORM solicitan que revisemos la denegatoria del Tribunal de Primera Instancia a la *Urgente Moción Solicitando Expedición de Citaciones de Testigos.,*

El 4 de abril de 2025 declaramos No Ha Lugar, la *Urgente Moción en Auxilio de Jurisdicción.* que presentó ORM solicitando la paralización de los procesos ante el foro primario mientras se atendía la solicitud que nos ocupa. Igualmente declaramos no ha lugar, su solicitud de consolidación con los recursos KLAN 20250128 y KLCE20250317.

I

Los hechos pertinentes previos son los siguientes. VS presentó una demanda de cobro de dinero, ejecución de hipoteca y gravámenes contra ORM y los codemandados solidarios. La demanda incluyó las alegaciones siguientes. El 16 de noviembre de

Número Identificador

RES2025 _____

2012 el Banco de Desarrollo Económico otorgó un préstamo a la peticionaria por cuatro millones seiscientos mil dólares ($4,600.000). Los codemandados garantizaron el cumplimiento solidario de la obligación. El préstamo tenía un término de cinco años, a partir del 16 de noviembre de 2012 y vencedero el 5 de diciembre de 2017. ORM se obligó a realizar cincuenta y nueve (59) pagos mensuales de treinta cuatro mil doscientos sesenta y cuatro dólares con noventa centavos. ($34,264.90) y un último pago por el balance insoluto de principal, intereses y la reserva, si aplicaba a la fecha de vencimiento. ORM y los garantizadores solidarios otorgaron un pagaré de caja a BDE o a su orden por cuatro millones seiscientos mil dólares ($4,600.000). La hipoteca gravaba el inmueble descrito en la demanda. Los demandados, además, otorgaron otras garantías que constan en la demanda. Por último, las partes acordaron que todas las colaterales provistas en el préstamo del año 2012 garantizarían cualquier otra deuda de ORM con el Banco de Desarrollo Económico (BDE), existente o futura y viceversa.[1]

Según surge de la demanda, el 19 de diciembre de 2014 las partes suscribieron otro préstamo de setecientos sesenta mil dólares ($760,000). Los codemandados garantizaron solidariamente el cumplimiento de la obligación. La vigencia era de quince (15) años a partir de lo que ocurriera primero, entre la conclusión del término interino de seis (6) meses o la terminación de las mejoras. ORM garantizó el cumplimiento con un pagaré de caja a favor de BDE por setecientos sesenta mil dólares ($760,000) y otro hipotecario por la misma cantidad. Las partes acordaron acelerar el término de vencimiento en caso de incumplimiento. Igualmente acordaron que el incumplimiento del préstamo del año 2012 significaba el

---

[1] Véase Demanda, páginas 1 a 17 del apéndice.

incumplimiento del préstamo del año 2014. Los otorgantes ampliaron la hipoteca del año 2012, para añadir el pagaré de año 2014 y aumentaron el préstamo a cinco millones trecientos sesenta mil dólares ($5,360.000.00).[2]

La demanda también incluyó las alegaciones siguientes. El 15 de mayo de 2017, VS adquirió todos los derechos de BDE sobre ambos préstamos, sus pagarés hipotecarios y otras garantías. El préstamo fue transferido a VS PR. ORM incumplió con el pago del préstamo del año 2012. VS también dio por incumplido el préstamo del 2014, y exigió el cumplimiento de ambos préstamos. Sus gestiones para exigir el cumplimiento extracontractualmente fueron infructuosas. VS solicitó al TPI que declarara vencida las obligaciones de ambos préstamos, ordenara la ejecución de la hipoteca ampliada y condenara a los demandados al pago solidario de las cantidades que especificó en la demanda.

El 23 de julio de 2021, ORM contestó la demanda y presentó una *Reconvención y Demanda Contra Tercero.* Posteriormente, presentó *Contestación Enmendada a la Demanda y Reconvención y Demanda Contra Tercero Enmendada.* El 16 de marzo de 2023 el TPI dictó una *Sentencia Parcial* en la que desestimó sin perjuicio, la *Reconvención y Demanda contra Tercero Enmendada.*

El 26 de septiembre de 2023 VS presentó una *Solicitud de Remedios Provisionales Al Amparo de la Regla 56 de Procedimiento Civil,* debido a una deficiencia entre la colateral hipotecaria dada en garantía y las cantidades adeudadas. VS pidió una orden provisional de embargo sobre las cuentas bancarias de ORM y los garantizadores solidarios. Además, solicitó que ORM le remitiera todos los cánones de arrendamiento que recibe de Drift-Wind.[3]

---

[2] Id.
[3] Véase Solicitud de Remedios Provisionales al Amparo de la Regla 56 de Procedimiento Civil, páginas 236 a 244 del apéndice del recurso.

El 24 de octubre de 2024, VS solicitó una vista para atender las mociones presentadas.[4]

La peticionaria se opuso a la solicitud de remedios provisionales y a la vista.[5] Posteriormente reiteró su oposición. Por su parte, VS insistió en la celebración de una vista argumentativa para atender la solicitud de remedios provisionales.

Así las cosas, el foro recurrido señaló una vista para atender la solicitud de embargo preventivo. ORM, por su parte, solicitó que se dejara sin efecto la vista. El TPI no acogió la solicitud de que se dejara sin efecto la vista y señalo la misma para el 9 de abril de 2025. A causa de lo cual, ORM presentó *Urgente Moción Solicitando Expedición de Citaciones de Testigos* requiriendo que se citaran a la vista de remedios provisionales

> (1) el Notario Público Frank González Acevedo;
> (2) un funcionario designado por la Oficina del Contralor de Puerto Rico que tenga conocimiento y pueda testificar sobre los temas y documentos que se especifican en el Proyecto de Citación y Orden;
> (3) un funcionario designado por el Banco de Desarrollo Económico de Puerto Rico con conocimiento y que pueda testificar sobre los temas y documentos que se especifican en el Proyecto de Citación y Orden;
> (4) el Lcdo. Rafael A Lugo Guzmán;
> (5) el Oficial de Enlace con la Oficina del Contralor;
> (6 ) el gerente de Asuntos Legales y;
> (7) cualquier otro funcionario designado por el banco que tenga conocimiento y pueda testificar sobre los temas y documentos contenidos en esta citación y orden.[6]

ORM, además, solicitó autorización para inspeccionar, obtener y fotocopiar los récords, expedientes y documentos bajo el control y cuidado de cada una de las personas y o entidades citadas, que intentaba presentar como evidencia.

---

[4] Véase Solicitud de Vista en Torno a las Mociones Presentadas por VS PR, LLC, páginas 292 a 293 del apéndice del recurso.
[5] Véase Moción para que se Atiendan Escritos de Umbral y en Torno a la Solicitud de Remedios Provisionales al Amparo de la Regla 56 de Procedimiento Civil, páginas 274 a 291 del apéndice del recurso.
[6] Véase Urgente Moción Solicitando Expedicion de Citaciones de Testigos, páginas 344 a 345 del apéndice del recurso.

En cambio, VS se opuso a la solicitud de expedición de testigos, afirmando que ORM, (1) no estableció la pertinencia y, (2) pretendía litigar asuntos y controversias ya adjudicadas e impertinentes para la solicitud de remedios provisionales. Por su parte, ORM riposto que, (1) VS pretendía privarla del derecho a presentar prueba, (2) los proyectos de citaciones especificaban el alcance de cada testimonio y detallaban los documentos sobre los cuales se requeriría testimonio, (3) los asuntos por los cuales se solicitaban las citaciones eran referentes a la vista de remedios provisionales, y (4) negó reconocer que existían controversias adjudicadas, y que el BDE no era parte indispensable.[7] El TPI declaró No Ha Lugar, la solicitud de citación de testigos. Inconforme, la peticionaria presentó este recurso en el que alega que:

> Erró el TPI (**A**) al denegar la expedición de (4) cuatro citaciones y órdenes dirigidas a ciertos testigos de hechos para que estos comparecieran a prestar testimonio que es esencial para la defensa de las partes comparecientes durante la vista de remedios provisionales señalada para el 9 de abril de 2025, y, consecuentemente,**(B)** al denegar, *a priori*, la admisibilidad del testimonio de dichos testigos , así como la admisibilidad de la prueba documental que a estos se le requeriría llevaran consigo a la vista **(1)** sin existir fundamento de hecho o jurídico (procesal o sustantivo) alguno, **(2)** violando el derecho de ser oído y a presentar prueba que le asiste a la parte compareciente como lo requiere el debido proceso de ley y **(3)** habiendo mediado un patente abuso de discreción.

## II

El certiorari es un recurso extraordinario, mediante el cual un foro judicial apelativo puede revisar a su discreción una decisión de un tribunal recurrido. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction*

---

[7] Véase Réplica a Oposicion a Urgente Mocion Solictando Expedicion de Citaciones de Testigos, páginas 372 a 379 del apéndice del recurso.

*Inc.,* 201 DPR 703, 710 (2019). Aunque la característica principal del recurso de certiorari es su carácter discrecional, tal determinación no es irrestricta, porque está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.

La Regla 52.1 ha sufrido modificaciones desde el año 2009 para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso. La Ley 220-2009 expandió el alcance de la revisión de las resoluciones interlocutorias del Tribunal de Primera Instancia a decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia. Posteriormente, la Ley 177-2010, aumentó nuevamente el marco revisor de las órdenes o resoluciones del Tribunal de Primera Instancia al incluir situaciones excepcionales en casos que revisten el interés público o en los que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así las cosas, en la actualidad, la Regla 52.1 de Procedimiento Civil, *supra,* específicamente dispone que el recurso de certiorari solamente será expedido:

> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

> Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto

a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Ahora bien, acreditada nuestra jurisdicción para expedir el recurso al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* aún debemos auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Tales criterios guían nuestro análisis discrecional sobre la decisión de intervenir con la resolución u orden interlocutoria recurrida. Nuestro ordenamiento jurídico no favorece la intromisión a destiempo con las resoluciones interlocutorias del foro primario, porque entre otras cosas podrían alterar el manejo diligente de los casos. Así las cosas, la Regla 40, *supra,* dispone que:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como mencionáramos anteriormente, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Sin

embargo, la discreción no opera en el vacío y en ausencia de parámetros que la encaminen. El foro apelativo cuenta con los criterios enumerados en dichas reglas para asistirlo y determinar si en un caso en particular procede que se expida el auto discrecional de certiorari. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Puntualizamos que, no se favorece la revisión de asuntos interlocutorios en ausencia de los criterios mencionados. *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 175-176 (2020); *IG Builders et al. v. BBVAPR*, supra, pág. 338. El permitir recurrir de las diversas resoluciones dictadas en los procedimientos judiciales que culminaran en una sentencia final, representa un inconveniente para el desenvolvimiento lógico y funcional del proceso, porque interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016).

Por último, es pertinente enfatizar que se ha resuelto que el denegar la expedición de un auto de certiorari no constituye una adjudicación en los méritos, sino que "es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). La parte afectada con la denegatoria de expedirse el auto de certiorari, tiene a su favor el revisar el dictamen final en el que el foro primario resolvió la causa de acción. *Negrón Placer v. Sec. de Justicia,* 154 DPR 79, 93 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 658 (1997).

III

Hemos examinado detenidamente los hechos pertinentes, los argumentos de las partes y la determinación del foro primario. Como anticipamos, ORM solicita que revisemos la denegatoria del

TPI a expedir unas citaciones para compelir la citación de ciertos testigos. En esencia, lo solicitado es un asunto discrecional típico de manejo de caso sobre lo cual no ejerceremos nuestra jurisdicción.

IV

Por lo que se deniega el recurso de certiorari.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones